NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HIREN PATEL; JAY DESAI; YASHVI HOSPITALITY, LLC, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES, a municipal corporation; DOES, 1-10 inclusive, <br><br> Defendants - Appellees. | No. 24-7302 <br><br> D.C. No. 2:24-cv-04265-JLS-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted May 21, 2026[**]
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Hiren Patel, Jay Desai, and Yashvi Hospitality, LLC, are owners of a motel in

South Central Los Angeles that the City of Los Angeles declared to be a hub of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

prostitution and other criminal activity. The City found it to be a public nuisance and revoked the use permit for the motel. The owners sued, raising several constitutional challenges and a state law writ of mandate claim. They now appeal the district court's dismissal of the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review de novo a district court's grant of a 12(b)(6) motion to dismiss. *Est. of Bride v. YOLO Techs., Inc.*, 112 F.4th 1168, 1174–75 (9th Cir. 2024). We accept the factual assertions of a complaint as true, but those facts must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For the plaintiffs to prevail against the City in their § 1983 claims, they must prove that the City acted in accordance with "official municipal policy." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Connick v. Thompson*, , 60 (2011). As the district court noted, the plaintiffs fail to allege or identify "official municipal policy" that violates their constitutional rights. *Id.* While they claim the city council time limits and reliance on partially redacted police reports are official policy, they fail to connect that alleged policy to the adverse decision, let alone any constitutional harm. They thus fail to adequately plead a *Monell* claim.

The § 1983 claims are also legally deficient. The Fifth Amendment takings claim fails as the City acted in response to criminal activity and public nuisance,

both of which are outside of takings protections. *See Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n.22 (1987).

The Fourteenth Amendment due process claim fails, too. The limited redactions of personal information in the police reports do not amount to a due process violation, especially when the plaintiffs fail to identify how redactions unduly prejudiced their case. The plaintiffs were also provided with notice and a hearing about the administrative decision. The reasonable limits on that hearing do not violate the plaintiffs' due process rights. *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970); *ASSE Intern., Inc. v. Kerry*, 803 F.3d 1059, 1074 (9th Cir. 2015).

The dismissal is further supported by the complaint's lack of specificity and clarity. These generalized and unsupported claims do not meet the plausibility threshold. *Iqbal*, 556 U.S. at 679. The district court previously identified these flaws and granted leave to amend. Yet another opportunity to amend would be futile and unnecessary. *Cf. Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) factors including "repeated failure to cure deficiencies by amendments previously allowed" and "futility").

Finally, the district court appropriately dismissed the state law writ of mandate claim. Because all federal claims were properly dismissed, the district court had the discretion to decline supplemental jurisdiction over this state law claim. 28 U.S.C. § 1367(c)(3); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025)

("[A]lthough supplemental jurisdiction persists [under § 1367(c)(3)], the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court.").

**AFFIRMED.**